**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARIEL BERMUDEZ, : | |
| : | Civil Action No. 15-3567 (MAS) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM ORDER** |
| : | |
| STEPHEN M. D'ILIO, et al., : | |
| : | |
| Respondents. : | |

This matter comes before the Court on the Petition for Writ of Habeas Corpus of Petitioner Ariel Bermudez ("Petitioner"), for relief under 28 U.S.C. § 2254. Respondents filed an Answer (ECF No. 4), and Petitioner filed a Reply (ECF No. 5). The Court has considered the Petition, the records of the proceedings in this matter, the Answer, and the Reply. It appearing:

1. Pursuant to a guilty plea, Petitioner was convicted of armed robbery and other related crimes in two separate indictments. *State v. Bermudez*, No. A-0118-07T4, slip op. at 1, ECF No. 4-7 (N.J. Super. Ct. App. Div. Aug. 2, 2010) ("*Bermudez I*"). The details of Petitioner's crimes are not important for the purposes of the instant Order. What is relevant is that during his arrest at a motel room, two handguns were found and seized as evidence. *Id.* at 5-6. During the course of the prosecution, the State offered Petitioner a plea deal of a twenty-year term of imprisonment, on the condition that he would not move to challenge the admissibility of the handguns. *State v. Bermudez*, No. A-2684-12T2, slip op. at 2, ECF No. 4-15 (N.J. Super. Ct. App. Div. Oct. 31, 2014) ("*Bermudez II*"). Petitioner did not accept the initial plea offer and, instead, proceeded with a motion to suppress the handguns, so the initial plea offer was withdrawn. (Tr.

of Plea Cutoff 3:14-18, ECF No. 4-21.) The trial court ruled against Petitioner on his suppression motion. *Bermudez II* at 3.

2. After failing to suppress the handguns from evidence, Petitioner pled guilty in an open-ended plea, and was given a mandatory extended-term sentence of thirty years due to a prior armed robbery conviction. *Id.* The conviction and sentence were affirmed on direct appeal, and the New Jersey Supreme Court denied certification. *Id.* at 4. Petitioner then filed an application for post-conviction relief ("PCR"), arguing, among other things, that he received ineffective assistance of counsel during plea negotiations, because counsel erroneously advised him that he could avoid the extended-term sentence by pleading open-ended. *Id.* at 4-5. The PCR trial court denied the application, *id.* at 5, and that denial was affirmed on appeal, *id.* at 6. The New Jersey Supreme Court again denied certification. (ECF No. 4-18.)

3. Petitioner asserts two grounds for relief in the instant Petition: (1) Petitioner's trial counsel was ineffective in providing adequate advice regarding the initial plea offer, causing Petitioner to erroneously reject the initial plea offer; and (2) the PCR trial court erred in denying Petitioner's PCR application without an evidentiary hearing with regard to the advice Petitioner received during the negotiations of the initial plea offer.

4. With regard to Claim I, Respondents argue that Petitioner has procedurally defaulted on the claim, because he did not raise the claim in state court. The Court agrees, since the state appellate court has already ruled on whether Petitioner raised this claim in his direct appeal or his PCR application. In addressing Petitioner's claim regarding the initial plea offer, the PCR appeals court in *Bermudez II* found that "defendant contends *for the first time* that he relied on faulty advice from trial counsel to reject the State's twenty-year plea offer . . . and instead, pursued a meritless motion to suppress and thereafter entered a[n] open-ended plea and received a

mandatory extended-term sentence[.]" *Bermudez II* at 6 (emphasis added). The PCR appeals court went on to hold that "generally, we will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the matter involves the trial court's jurisdiction or is of public importance. No exception applies here." *Id.* (citations and quotation marks omitted). As such, since Petitioner no longer has the opportunity to raise this claim in state court,[1] it would appear, at first blush, that Petitioner's claim is procedurally defaulted.

5. However, the Court's procedural default analysis does not end there. Procedural default may be excused, and a federal habeas court may address the claim, if the petitioner shows cause and prejudice for the default or that a fundamental miscarriage of justice will occur if the claim is not addressed. *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 542 n.8 (3d Cir. 2014) (citation omitted). As applied to the facts of this case, the question of whether there is cause to excuse Petitioner's procedural default has already been answered by the Supreme Court. In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court expressly recognized good cause for failure to exhaust. The *Martinez* Court held that in states where ineffective trial counsel claims can only be brought on PCR (such as New Jersey), failure to raise an ineffective trial counsel claim on PCR is good cause to excuse the failure to exhaust. *Id.* at 1318; *see State v. Preciose*, 129 N.J. 451, 460 (1992) ("Our courts have expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record."). In those states, the *Martinez* Court reasoned, a

---

[1] New Jersey Court Rules require a PCR claim to be raised within five years after the date of entry of conviction and sentence. N.J. Ct. R. 3:22-12(a)(1). Since Petitioner's conviction and sentence were issued on November 9, 2006, (Pet. 1, ECF No. 1), Petitioner can no longer raise his claim in state court.

3

defendant's only meaningful opportunity to challenge the effectiveness of his trial counsel, a right guaranteed by the Sixth Amendment, is on PCR. *Id.* at 1315. As such, when a defendant loses that opportunity, either due to failure of the PCR counsel to raise the claim, or simply because the defendant did not have a PCR counsel at all, federal courts cannot bar such claim in a habeas petition on procedural default grounds; doing so would indirectly deprive a defendant of his constitutional right to assistance of trial counsel. *Id.* at 1317-18. Here, as the state court already found, PCR counsel simply did not raise the claim in PCR trial court, and that failure is good cause to excuse procedural default under *Martinez*.

      6.     Respondents further argue that there was no prejudice, asserting that even if trial counsel erroneously believed that Petitioner's extended-term was discretionary, the thirty-year sentence Petitioner received was within the sentencing range of that discretionary term. However, Respondents incorrectly assume that the prejudice analysis of Petitioner's ineffective assistance claim depends on the eventual outcome. Instead, in the context where a petitioner asserts that he would have accepted a plea offer, the prejudice analysis for an ineffective assistance claim is whether

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012); *see Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n [ineffective assistance of counsel] analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

4

7. When a defendant is faced with the decision of whether to accept a plea offer, there is a material difference between advising him that "you *might* receive a thirty-year sentence, depending on the judge's discretion" versus "you *will* receive a thirty-year sentence due to your prior conviction." In this case, there was a ten-year difference between the first plea offer of twenty years and the thirty-year sentence Petitioner received under the mandatory extended-term. If Petitioner had been informed with certainty that he would receive a thirty-year sentence if he lost at trial, as opposed to being advised that the extended-term was at the judge's discretion which Petitioner might avoid (*see* Pet. 17), there is a reasonable probability that he may have chosen to accept the first plea offer and would have received a lesser sentence. *See Lafler*, 132 S. Ct. at 1386 ("[A]ny amount of [additional] jail time has Sixth Amendment significance.") (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)). As such, it appears that Petitioner may be able to meet the cause and prejudice requirement for excusing a procedural default.

8. Accordingly, pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directs the parties to "expand the record by submitting additional materials relating to the petition." More specifically, the parties may obtain and submit any evidence that would tend to show: (1) whether PCR counsel was deficient in pursuing Petitioner's ineffective assistance claim with regard to the initial plea offer; and (2) whether trial counsel offered adequate advice during negotiations of the initial plea offer. Evidence may include but is not limited to any affidavit from the PCR and/or trial counsel. *See Grimes v. Superintendent Graterford SCI*, 619 F. App'x 146, 149 (3d Cir. 2015) (holding that federal courts may expand the record and conduct hearings on excuses for procedural default at the state level).

IT IS therefore on this 31st day of August 2016,

ORDERED that, within sixty (60) days from the date of entry of this Order, the parties may expand the record in the manner as directed above; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE