**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ARIEL BERMUDEZ,

    Petitioner,

v.

STEPHEN M. D'ILIO, et al.,

    Respondents.

Civil Action No. 15-3567 (MAS)

**MEMORANDUM ORDER**

## SHIPP, District Judge

Currently before the Court is Respondents' letter requesting that this Court essentially reconsider its decision to grant Petitioner an evidentiary hearing to resolve whether Petitioner suffered ineffective assistance of PCR counsel sufficient to permit him to evade the procedural default bar as to his claim that his trial counsel misadvised him during the plea negotiation stage of Petitioner's underlying criminal matter. (ECF No. 28.) By way of background, Petitioner filed his habeas petition in this matter in May 2015. (ECF No. 1.) In that petition, he chiefly claimed that he suffered ineffective assistance of trial counsel during plea negotiations when counsel allegedly failed to advise him properly as to the applicability of a mandatory extended term sentence if Petitioner chose not to accept a plea offer extended by the state. (*Id.*) After several rounds of briefing and multiple supplemental filings, this Court issued an order and opinion granting Petitioner an evidentiary hearing in June 2019. (ECF Nos. 19-20.) In that opinion, this Court found that Petitioner's ineffective assistance of plea counsel claim was procedurally defaulted, but that Petitioner was entitled to an evidentiary hearing as to whether he could

nevertheless raise his claim in this Court by making use of the ineffective assistance of PCR counsel gateway established in *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.* at 16-22.)

Following the appointment of counsel for Petitioner for the purposes of that evidentiary hearing, this Court held a telephone conference for scheduling purposes in early July 2020. (ECF No. 27.) During that call, Respondents suggested that they believed this Court had overlooked a certification signed by Petitioner's trial counsel submitted in this matter in determining that an evidentiary hearing was warranted. (*Id.*) Although the time for filing a reconsideration motion had passed, this Court permitted Respondents to submit a brief letter addressing that issue within seven days, which Respondents did that same day. (ECF No. 28). In that letter, Respondents again suggest that this Court overlooked trial counsel's certification (ECF No. 12-1) and their belief that this certification was potentially dispositive of Petitioner's claims. (ECF No. 28). Petitioner thereafter filed a letter in reply in which he argues that the letter is essentially a considerably out of time motion for reconsideration which should be rejected as such, and that the letter fails to set forth a valid basis for reconsideration in any event. (ECF No. 30.)

Initially, this Court agrees with counsel for Petitioner that Respondents' letter is essentially a motion for reconsideration filed a year after the time for filing such a motion had expired. *see, e.g., Smart v. Aramark, Inc.*, 618 F. App'x 728, 730, 730 n. 3 (3d Cir. 2015) (motions for reconsideration must be filed within fourteen days of the order to be challenged). While that alone is sufficient to require the denial of Respondents' letter request, this Court will, in the interest of justice, briefly address the merits of their argument.

In the reconsideration letter, Respondents argue that this Court overlooked trial counsel's certification when this Court noted that the parties had failed to provide any direct evidence – aside from Petitioner's own certifications – as to what information trial counsel provided Petitioner as to the applicability of a mandatory extended term sentence in discussing the plea agreement offered

2

by the state. (*See* ECF No. 19 at 20). Although this Court understands how Respondents could reach such a conclusion from this Court's brief discussion, they are entirely mistaken – this Court did not overlook counsel's certification. Counsel's certification provides no *direct* evidence of what he told Petitioner on this issue – counsel clearly states that he does not remember the specifics – and instead provides information only as to his general practice and his belief that he likely followed that practice in advising Petitioner. (*See* ECF No. 12-1 at 3-4.) This certification, at most, provides indirect evidence which clearly illuminates that there is a clear dispute of fact as to the critical issue in this matter – whether counsel properly advised Petitioner as to the applicability of the mandatory extended term sentence, which counsel believes he most likely did in light of his normal practice, or whether, as Petitioner asserts, counsel misled him into believing such an extended term sentence was unlikely. Such a factual dispute cannot be resolved without a credibility finding, and counsel's certification only reinforces the conclusion that a hearing is necessary here to determine whether Petitioner can meet the *Martinez* gateway by showing he has a potentially meritorious claim of ineffective assistance of trial counsel. This Court did not overlook that certification, and taking it fully into account, it remains clear that an evidentiary hearing is necessary in this matter to resolve this factual dispute.

**IT IS THEREFORE** on this 7th day of June, 2021, **ORDERED** that:

1. Respondents' letter request for reconsideration (ECF No. 28) is **DENIED**;
2. The parties shall confer and submit to the Court suggested dates in September and/or October when both sides would be available for an evidentiary hearing in this matter within thirty (30) days of the date of this Order; and

3

3. The Clerk of the Court shall serve a copy of this Order upon the parties electronically.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE